**EAST KENTUCKY RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,**

v.

**Mazie HALL et al., Appellees.**

Court of Appeals of Kentucky.

May 3, 1957.

See also, 301 S.W.2d 891.

Strange & Pendleton, M. E. Strange, Stanton, for appellant.

John L. Cox, Jr., Stanton, for appellees.

PER CURIAM.

This is a motion for an appeal from a judgment entered in the Powell Circuit

Court. Appellant, by the exercise of eminent domain, obtained an easement 100 feet wide and 897 feet long across a 984 acre farm belonging to appellees. In the condemnation suit, the jury returned a verdict in favor of appellees in the sum of $1,250.

■ Appellant contends that the damage is excessive and relies upon Salt River Rural Electric Cooperative Corporation v. Thurman, Ky., 275 S.W.2d 780, to support its position. We pointed out in Tennessee Gas Transmission Company v. Teater, Ky., 252 S.W.2d 674, that there is no hard and fast rule to use in determining damages in condemnation proceedings.

Appellees properly showed, under the rule announced in Miller v. King, 278 Ky. 151, 128 S.W.2d 621, that part of their property was very near the city of Stanton and was adaptable for building or subdivision purposes which would be injured by the installation of a transmission line carrying approximately 69,000 volts.

The verdict is amply supported by the evidence introduced and we have found no error prejudicial to appellant's substantial rights.

The motion for appeal is overruled and the judgment is affirmed.

SIMS, Judge.

I respectfully dissent in this case for the reasons found in the opinion in Salt River Rural Electric Co-op Corp. v. Thurman, Ky., 275 S.W.2d 780.

True, in the Thurman case we said there is no hard and fast rule by which to measure damages in condemning land, and each case is ordinarily controlled by its own peculiar facts. Generally a verdict will not be disturbed as excessive unless it shows bias or prejudice or is based on estimates unsupported by facts or is so extravagant as to create a probability the estimates are incorrect.

In the instant case only three poles, without guy wires, were erected on this right-of-way, 100 feet wide and 897 feet long. The land physically occupied by the poles amounts in the aggregate only to about six square feet. The only material damage in this instance to the landowners is that part of their property is near the city of Stanton and is adaptable for building or for subdivision purposes. The majority opinion says such use of the land would be damaged by the installation of a transmission line carrying approximately 69,000 volts.

While I admit this is a proper element of damage, yet the use of this property for the purpose of building or for making a subdivision cannot materialize until the distant future, as I read the record, and I feel the judgment of $1,250 is grossly excessive. I cannot uphold a judgment allowing $208.-33 a square foot for the taking of farm land even though there may be some slight damage to the owners by reason of the easement running over their land.

It is for this reason that I dissent.