EAST KENTUCKY RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,

v.

Clona BURKE et al., Appellees.

Court of Appeals of Kentucky.

May 3, 1957.

Philip P. Ardery, Louisville, W. C. Dabney, Monticello, for appellant.

R. B. Bertram, Monticello, for appellees.

PER CURIAM.

Motion for an appeal from the Wayne Circuit Court; T. A. Wilson, Judge.

East Kentucky Rural Electric Cooperative Corporation obtained through condemnation proceedings an easement 1,426 feet long and 100 feet wide across an 840 acre farm belonging to Clona Burke and her husband, I. H. Burke. Three poles were set on the right of way, two of them in fence rows. The Burkes were awarded $850 in damages by the jury.

█ The Corporation contends that the award was excessive. We indicated in Tennessee Gas Transmission Company v. Teater, Ky., 252 S.W.2d 674, that examination of other cases is of little assistance in determining whether an award is too large. The yardstick to be applied is not an inflexible one. East Kentucky Rural Electric

Cooperative Corporation v. Hall, Ky., 301 S.W.2d 891.

We are affirming the judgment, since it is sufficiently supported by the evidence. Under the rule announced in Barker v. Lannert, 310 Ky. 843, 222 S.W.2d 659, costs were correctly taxed against the Corporation.

The motion for appeal is overruled, and the judgment is affirmed.

SIMS, Judge (dissenting).

For the reasons fully set out in Salt River Rural Electric Co-op Corp. v. Thurman, Ky., 275 S.W.2d 780, I feel this judgment is grossly excessive and should be reversed.

The appeal to the circuit court was prosecuted by the Company under KRS 416.060 and since it succeeded in the circuit court in reducing to $850 the award made in the county court of $2,000, the Company should recover of the landowners all costs incurred in the county court and in the circuit court. I cannot agree with the reasoning in Barker v. Lannert, 310 Ky. 843, 222 S.W.2d 659, where the court said on page 665, that to allow the condemner to recover cost from the landowner where on an appeal to the . circuit court the condemner reduced the award made in the county court, violates the constitutional provisions of § 13 and § 242, that the landowners shall receive just compensation for land condemned.

I readily agree that the landowner should not be charged with any cost in condemnation proceedings unless he appeals from the award of the commissioners. Here the landowners did appeal from the award of the commissioners and the county court increased their award from $700 to $2,000. Then on an appeal to the circuit court, the Company reduced this award to $850. True, the Barker case was appealed under KRS 416.280 while the appeal in the instant case to the circuit court was prosecuted under KRS 416.060. But subsection (5) of KRS 416.280 is practically the same as KRS 416.060 and each statute provides that if the condemner on appeal to the circuit court reduces the award made to the landowner

in the county court, the condemner shall recover its costs. I would limit what was said in the Barker case as to costs to those incurred in the original condemnation proceeding and not apply it to appeals to the county court or to the circuit court.

Furthermore, it is my opinion the circuit judge greatly prejudiced the Company's case when he told the jury at the beginning of the trial the commissioners had awarded the landowners $700. The trial was de novo in the circuit court, as is provided in KRS 416.060, and to inform the jury of the award made by the commissioners or the award made in the county court had no place on the hearing in the circuit court. This remark by the trial judge was just as prejudicial to the Company as it would be in the second trial of any civil case for the judge to inform the jury the result of the first trial. 88 C.J.S. Trial § 179, p. 349; Illinois Cent. R. Co. v. Jolly, 119 Ky. 452, 84 S.W. 330, 27 Ky.Law Rep. 118; Goodwine v. Evans, 134 Ind. 262, 33 N.E. 1031.

For the reasons given I most respectfully dissent.