**EAST KENTUCKY RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,**

v.

**Ray ASBURY et al., Appellees.**

Court of Appeals of Kentucky.

May 17, 1957.

Philip P. Ardery, Louisville, W. C. Dabney, Monticello, for appellant.

Bruce H. Phillips, Ruben G. Hicks, Monticello, for appellee.

PER CURIAM.

Motion by East Kentucky Rural Electric Cooperative Corporation for an appeal from a judgment of the Wayne Circuit Court, awarding Ray Asbury and wife $700 as damages for an electric transmission line easement across their land.

[1] The damages do not strike us as being so excessive as to have been the result of passion and prejudice. We recently have affirmed comparable awards of damages. See East Kentucky Rural Electric Cooperative Corporation v. Burke, Ky., 301 S.W. 2d 892, and East Kentucky Rural Electric Cooperative Corporation v. Hall, Ky., 301 S.W.2d 891.

The costs correctly were taxed against the condemner. East Kentucky

Rural Electric Cooperative Corporation v. Burke, Ky., 301 S.W.2d 892.

The motion for an appeal is overruled and the judgment is affirmed.

MONTGOMERY and SIMS, JJ., dissenting.

SIMS, Judge (dissenting).

As I dissented in East Kentucky Rural Electric Cooperative Corp. v. Burke, 301 S. W.2d 892 and East Kentucky Rural Electric Cooperative Corp. v. Hall, 301 S.W.2d 891. I feel compelled to dissent in the instant case since the judgment here is much more excessive than the judgments in the Burke and Hall cases.

Here the easement is 60 feet wide and 421 feet long and is located on the back of Asbury's 42 acre farm and is immediately adjacent to the lumber yard of the Richardson Lumber Company. This entire easement contains 77/100 of an acre, but the land actually occupied by the pole and three guy wires is only about .025 of an acre. It appears to me that $700 is grossly excessive for .025 of an acre and is even grossly excessive for 77/100 of an acre. There was only one pole set in the easement and it is within 10 feet of the boundary line of the Richardson Lumber Company, and the wires are within a few feet of this boundary line.

Furthermore, there is another transmission line which traverses this farm and due to the location of the one involved in this action, it is apparent to me appellees suffered no material damage by the easement. Of course, they are entitled to some damage for the easement over their land, but any damage in excess of $200, in my judgment, would be grossly excessive. This easement due to its location will not interfere with any plans appellees may have for a future subdivision of their farm.

Attention is called to seven cases, in which the United Fuel Gas Company is appellant in each, United Fuel Gas Co. v. Mauk, Ky., 302 S.W.2d 368; the judgments in all were reversed because of gross excessiveness. These seven cases, in my opinion, are correct. The court refused to let judgments stand ranging from $1,100 for 42/100 of an acre to $2,200 for 2.28 acres because they were grossly excessive. Yet in the case at bar a judgment of $700 is affirmed for the taking of an easement over 77/100 of an acre. I readily admit a pipeline easement is not as burdensome as a transmission line easement, but I feel the majority of my brethren make much too much difference between the two when it comes to dealing with damages awarded by juries.

I am authorized to state MONTGOMERY, J., joins in so much of this dissent as expresses the thought that the judgment in this case is grossly excessive.