**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Ed FISTER et al., Appellees.**

Court of Appeals of Kentucky.

March 6, 1964.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., James B. Stewart, Dept. of Highways, Frankfort, for appellant.

Robert M. Odear, C. Gibson Downing, Jr., Gladney Harville, Stoll, Keenon & Park, Lexington, for appellees.

DAVIS, Commissioner.

Appellees have requested amendment of our mandate issued pursuant to the

---

opinion reported in Ky., 373 S.W.2d 720. The mandate imposed on the appellees the court costs incident to the appeal. Appellees contend that imposition of costs on the landowner in condemnation cases contravenes §§ 13 and 242 of the Kentucky Constitution. Our view is to the contrary.

Section 13 of our Constitution guarantees that "just compensation" shall be "previously made" for property taken for public use. That section does not have specific reference to the judicial procedures to be employed in the exercise of the power of eminent domain.

Section 242 of the Constitution assures the property owner a "jury determination" of the amount of damages due from the condemning authority, "according to the course of the common law." The condemnation procedure before us is pursuant to KRS 177.087(1). That statute affords the property owner a common law jury trial in circuit court on the question of just compensation; it imposes liability for court costs on the condemnor for the costs of the circuit court action. The Constitution does not relate to appeals to this court in such cases.

■ KRS 177.087(3) permits appeals to this court "as in other cases." That section omits reference to court costs. The expression "as in other cases" is significant. Unless otherwise directed by the court, costs on appeals "in other cases" are assessed against the unsuccessful party. RCA 1.400. It is so in this case.

■ It is generally conceded that the right of appeal is not an incident of "due process" as that term is constitutionally applied. Cf. 12 Am.Jur., Constitutional Law, § 638, pp. 327 et seq., and 16A C.J.S. Constitutional Law § 569(4), p. 579.

Barker v. Lannert, 310 Ky. 843, 222 S. W.2d 659, does not control the case at bar. The "appeal" discussed there was to the circuit court from an award of the county court commissioners.

The motion of appellees is overruled.