## Louisville & Nashville Railroad Company, et al. v. Lang, County Judge.

### (Decided November 6, 1914.)

### Appeal from McCracken Circuit Court.

1. Eminent Domain—Condemnation—Right of Way by Telegraph Company of Railroad Right of Way—Construction of Section 4679a Ky. Stats.—Under Sec. 242 and Sec. 248 of the Constitution, the County Court may impanel a jury of 12 men in a proceeding by a telegraph company to condemn a right of way of a railroad company under Sec. 4679a Ky. Stats. and the Statute is valid.

2. Eminent Domain—Condemnation—Form of Judgment.—The form of judgment given in section 7 of the act is to be read with section 3, of the act; the act means that the court must determine what is appropriated.

3. Eminent Domain—Condemnation—Section 4679a Ky. Stats.—Validity.—The invalidity of the provision of section 8, as to the telegraph company taking possession on giving bond as therein provided does not render the act invalid.

H. L. STONE, HELM BRUCE, WHEELER & HUGHES, CLAUDE WALLER and BRUCE & BULLITT for appellant.

HUMPHREY, MIDDLETON & HUMPHREY, BERRY & GRASSHAM, RICHARDS & HARRIS and GEORGE H. FEARONS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Western Union Telegraph Company filed in the McCracken County Court a condemnation suit against the Louisville & Nashville Railroad Company and the Nashville, Chattanooga & St. Louis Railway Company to condemn a right of way for a telegraph line over and along the right of way of the two railway companies under section 4679a, Kentucky Statutes. Thereupon the

two railway companies brought this action against James M. Lang, the judge of the McCracken County Court, to prohibit him from proceeding in the action on the ground that the statute is unconstitutional and that he was without jurisdiction. The circuit court dismissed the petition; the plaintiff appeals.

The constitutionality of the act is the only question to be determined on the appeal. The act was approved March the 18th, 1898, and consists of twelve sections; so far as it is material to this controversy, the sum of the act is as follows:

1. A telegraph company shall, upon making just compensation, have the right to construct, maintain and operate telegraph lines upon the right of way and structures of any railroad in this State in such manner as not to interfere with the ordinary use or traffic of such railroad.

2. A telegraph company may through an authorized agent agree and contract with such railroad for the right of way.

3. In case any telegraph company is unable to agree with the railroad company, it may file in the office of the clerk of the county court of any county in which any portion of such railroad is situated, a petition designating the particular use, right, easement or privilege sought to be condemned.

4. A jury of twelve men shall be impanelled to assess the damages.

5. Either party shall have the right to appeal from the judgment of the county court to the Court of Appeals within thirty days after the rendition of the judgment; but an appeal by the defendant shall not operate as a supersedeas provided the telegraph company shall enter into bond as provided by the statute.

6. No notice of the condemnation proceeding is to be given any mortgagee. Sections 141, 242 and 248 of the Constitution are as follows:

"The jurisdiction of the county court shall be uniform throughout the State, and shall be regulated by general law, and, until changed, shall be the same as now vested in the county courts of this State by law." (Sec. 141.)

"Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which com-

pensation shall be paid before such taking, or paid or secured, at the election of such corporation or individual, before such injury or destruction. The General Assembly shall not deprive any person of an appeal from any preliminary assessment of damages against any such corporation or individual made by commissioners or otherwise; and upon appeal from such preliminary assessment, the amount of such damages shall, in all cases, be determined by a jury, according to the course of common law." (Sec. 242.)

"A grand jury shall consist of twelve persons, nine of whom concurring may find an indictment. In civil and misdemeanor cases, in courts inferior to the circuit courts, a jury shall consist of six persons. The General Assembly may provide that in any or all trials of civil actions in the circuit court, three-fourths or more of the jurors concurring may return a verdict, which shall have the same force and effect as if rendered by the entire panel. But where a verdict is rendered by a less number than the whole jury, it shall be signed by all the jurors who agree to it." (Sec. 248.)

It will be observed that by section 242 the amount of damages shall in all cases be determined by a jury according to the course of common law. A jury consisted of twelve men at common law and a unanimous verdict was required. It will also be observed that by section 248 it is provided that in civil and misdemeanor cases in courts inferior to the circuit courts a jury shall consist of six persons. A county court is inferior to the circuit court and a proceeding to condemn a right of way is a civil case. It is, therefore, insisted for appellants that under the Constitution jurisdiction can not be conferred upon the county court to hear a condemnation case with appeal direct from it to the Court of Appeals; as the jury in the county court must consist of six persons under section 248 and, as in condemnation cases, the jury under section 242 must consist of twelve persons. But if this position is sound, there would be the same objection to the hearing of the case in the circuit court. For by section 248 the General Assembly may provide that in all trials of civil actions in the circuit courts, three-fourths or more of the jurors, concurring, may return a verdict. The General Assembly has so provided, and if section 248 applies to the proceedings referred to in section 242, we have in one section a provision for a unanimous verdict, and in the other a pro-

vision for a verdict by three-fourths of the jury. It is obvious that the two sections were not intended to conflict. Their natural construction is, that section 242 regulates proceedings to condemn property for public use, and section 248 applies to other proceedings. The purpose of section 242 is to prescribe the rule to be applied in the special proceeding therein referred to, and these proceedings being thus regulated, the constitutional convention in section 248, had in mind regulating other proceedings than those thus provided for.

This construction of the Constitution is fortified by section 141, which provides that until changed by general law, the jurisdiction of the county court shall be the same as was then vested in the county courts by law. For many years before the adoption of that Constitution, it had been the uniform practice of the Legislature to vest in the county courts the jurisdiction to hear proceedings, to condemn land for public use; it was so provided as to public roads, mills, ferries, etc. It was also provided in the charters of railroad companies and other corporations having the power to institute such proceedings. Many of these acts were as old as the Commonwealth or practically so, and we are satisfied that if the Constitutional Convention had had in mind making a change in the jurisdiction of the county courts which was so familiar and had been so long exercised, it would not have left the matter to interference. When it provided that the jurisdiction of the county court should remain as it was until changed by law, the whole matter of the jurisdiction of the court was left to the judgment of the Legislature, and there is no reason why the proceeding to condemn land under section 242, may not be in the county court and be determined by a jury according to the course of common law, unless this is forbidden by section 248. To apply section 248 to the proceeding regulated by section 242, would be to make the two sections conflict whether the proceeding was in the county court or in the circuit court. Such a construction of an instrument so deliberately drawn as a State Constitution, can not be adopted; but each section must be given effect. This can only be done by construing section 248 to apply to other cases than those regulated by section 242.

We, therefore, conclude that the circuit court properly held the act to be valid in this respect.

The form of the judgment given in section 7 of the

act is to be read in connection with section 3 of the act prescribing the form of the petition, and when so read, it means that the necessity of the appropriation must be shown by the petition, and what is appropriated is to be adjudged by court. Postal Telegraph Co. v. Patton, 153 Ky., 89.

If the provision of the eighth section that when the defendant appeals the telegraph company, by executing bond, may take possession without paying the damages, is unconstitutional, its invalidity does not affect the validity of the act.

Judgment affirmed.