### DeBorde, Administrator v. Moore, et al.

(Decided November 24, 1925.)

### Appeal from Clark Circuit Court.

1.  Trial—Where Maker of Note Defended on Illegality of Consideration, he Properly Took Burden of Proof.—In suit on note, defendants, alleging illegality of consideration, properly took burden of proof.
2.  Appeal and Error—Litigant Cannot Complain of Testimony Given in Answer to Questions Asked on Cross-Examination.—Litigant cannot complain of testimony given in answer to questions asked witness on cross-examination.
3.  Bills and Notes—Consideration Presumed.—Note is presumed to be on a valuable consideration.
4.  Appeal and Error—That Amended Petition was Not Filed Held Not Ground for Complaint.—In suit on note, plaintiff cannot complain that amended petition was not filed, where it was not verified, and there was no order showing it was offered in court or refused to be filed or making it a part of the record, and was only tendered to show consideration of note to be amount that maker owed, but no evidence was introduced on that subject, and case was decided on question of whether note was executed to stifle criminal prosecution, and such petition threw no light thereon.

5. Contracts—Note Unenforceable if Part of Consideration was Based on Stifling Criminal Prosecution.—Note was unenforceable, if part of its consideration was based on stifling of a criminal prosecution against maker.

6. Appeal and Error—Act of Judge in Ordering Jury to Return to their Room Held Not Presented for Review.—That circuit judge improperly had jury return to their room held not presented for review, where his action in that regard did not appear in bill of exceptions.

M. C. REDWINE and C. S. MOFFETT for appellant.

BENTON & DAVIS and H. H. MOORE for appellees.

Opinion of the Court by Commissioner Hobson—Affirming.

J. W. DeBorde brought this suit against appellees to recover on a note for $515.00, executed by them to him. By their answer they pleaded: (1) That the note was without consideration; (2) that at the time it was executed one R. C. Westfall was confined in the county jail of Montgomery county on a criminal charge preferred against him by J. W. DeBorde for uttering a cold check, and that DeBorde agreed with them that if they would execute and deliver to him the note sued on, he would not appear against Westfall and would not further prosecute the criminal charge against him, and the note was executed on this agreement; (3) that he agreed with them that he would get H. H. Moore to sign the note before it became binding and that he did not get H. H. Moore to sign the note. On the trial of the case the jury to whom the case was submitted found for the defendants. The plaintiff being dead, his administrator appeals.

The court sustained the demurrer to the third paragraph of the answer, because it appeared that H. H. Moore had signed the note on the back. He overruled the demurrer to the second paragraph, pleading the illegality of the consideration. There was some surplus matter in this paragraph which might have been stricken out on motion, but it was no ground for sustaining the demurrer to the whole paragraph.

There was no substantial error in the rulings of the court in the admission of evidence. The defendants took the burden of proof, as they should have done. J. C. Moore was put on the stand by them and asked as to the consideration for the note sued on. The court excluded his answer. The appellant's counsel then took the wit-

ness and asked him a number of questions on cross-examination. Appellant cannot complain of the testimony given in answer to the questions so asked him.

The evidence is sufficient to sustain the verdict. The defense was clearly made out by the uncontradicted testimony of two competent witnesses. The only question submitted to the jury by the court was the illegality of the consideration. The note is presumed to be upon a valuable consideration. The fact is apparent from the record that the note was given for what Westfall owed DeBorde. Though going by the name of Westfall he was in fact appellants' brother.

Appellant cannot complain here that the amended petition was not filed. The amended petition was not verified; there was no order of court showing that it was offered in court or refused to be filed or making it a part of the record. It only appears in the stenographer's transcript of evidence. It was only tendered to show the consideration of the note to be the amount that Westfall owed, but no evidence was introduced on this subject.

The case went off entirely on the question whether the note was executed to stifle a criminal prosecution and the amended petition threw no light on this. The note was unenforceable if this was part of the consideration. Kimbrough v. Lane, 11 Bush 556.

It is objected that the circuit judge improperly had the jury return to their room. But nothing of this appears in the bill of exceptions, and this is the only way in which such an exception must be presented here.

On the whole case there was no substantial error to the prejudice of the appellant on the trial.

Judgment affirmed.