## City of Hazard v. Combs, et al.

(Decided March 26, 1926.)

### Appeal from Perry Circuit Court.

1. Eminent Domain—Instruction Authorizing Damages in Condemnation Proceeding on Finding of 9 or More Jurors is Erroneous (Constitution, Sections 242, 248).—Damages in condemnation proceedings must be assessed by jury of 12, under Constitution, section 242, and therefore instruction under section 248, authorizing recovery if 9 or more agreed, was erroneous.

2. Appeal and Error.—Appellate court cannot assume that jurors violated instructions.

3. Eminent Domain—Instruction Permitting Award in Condemnation Proceeding on Agreement of 9 or More Jurors Held Not Prejudicial, Where Verdict was Unanimous (Constitution, Section 242.)—In condemnation proceedings, instruction permitting damages to be assessed on agreement of 9 or more jurors, though erroneous, under Constitution, section 242, held not prejudicial, where verdict was unanimous.

4. Eminent Domain—$1,200.00 Held Not Excessive, Under Evidence, for Condemnation of 6-Foot Strip Across City Lot Having Frontage of 59 Feet.—In condemnation proceeding of strip of land 6 feet in width across lot having frontage 59 feet, located in thriving town of several thousand, within 150 feet from courthouse, $1,200.00 held not excessive compensation under evidence.

M. K. EBLEN for appellant.

EVERSOLE & CAMPBELL for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

For the construction of street improvements, the city of Hazard sought to condemn a strip of land six feet in width across a lot having a frontage of 59 feet, owned by Grant Combs and his wife; the commissioners allowed $100.00 in damages. The owners filed exceptions and in a trial in the county court were awarded $1,000.00. The city appealed to the circuit court in which a trial was had resulting in a verdict in favor of the landowners for $500.00 for the land taken and $700.00 injury to the residue of the land. From a judgment for $1,200.00 based on this verdict, the city appeals.

The grounds urged for reversal are: (1) Error in instruction. (2) Excessive verdict.

(1) The instruction criticised is in these words:

"If less than twelve agree and nine or more agree, those agreeing must sign, but if the whole jury agree upon the verdict, then one of your number may sign it as foreman."

The verdict was unanimous and signed by one of the members, but it is argued that the instruction is both erroneous and prejudicial. In L. & N. R. R. Co. v. Lang, 160 Ky. 702, it is held that condemnation proceedings are regulated by section 242 of the Constitution, under which damages must be assessed by a jury according to the course of the common law, which means by the unanimous verdict of a jury of twelve members, and that this is not qualified by the provisions of section 248 of the Constitution, which authorizes a majority verdict in civil cases in the circuit court and for a jury in the county court to consist of six persons. It is, therefore, clear that the court erred in giving the instruction, *supra*, but we fail to see wherein the plaintiff was prejudiced thereby. The jury were clearly told that if less than twelve agreed, those agreeing must sign the verdict, and that one of their number was not authorized to sign the verdict unless the entire number agreed to it. This language is unmistakable and the verdict as returned is a certificate of concurrence upon the part of each juror. We are not authorized to assume that any of the jurors violated this instruction, and therefore while erroneous the instruction cannot be said to be prejudicial.

(2) Hazard is a thriving town of several thousand people; the lot in question is located within 150 feet of the courthouse; it has a frontage of 59 feet and prior to this proceeding had a depth of from 60 to 65 feet, the exact footage not being shown. It was at a considerable elevation above the street and a substantial concrete retaining wall 7½ feet high had been constructed flush with the street line, and from this point backward the elevation increased. This wall was removed and after excavating the strip of land taken, the elevation of the lot above the pavement was nine or ten feet, the lot being left in this condition without any retaining wall. It is evident that it cannot now be used advantageously without constructing a new retaining wall or excavating the lot to something near the level of the street, either of which would be expensive.

Defendant's evidence is to the effect that before the improvement was undertaken the lot was worth $100.00 a front foot or $6,000.00; that the six feet taken from the front was equivalent to one-tenth of the depth of the lot and was worth one-tenth of $6,000.00, or the sum of $600.00.; that by reason of the diminished depth of the remainder of the lot it was worth proportionately less than it would have been in its original state and was thereby diminished in value to the extent of $700.00, besides the expense of constructing another. retaining wall. Other witnesses place the damage in the value of the lot immediately before and after taking the strip at as high as $2,000.00. The witnesses for plaintiff fix the damage at $100.00. The jury visited the premises, and, aside from the one criticised above, under proper instructions returned the verdict named, which is but little in excess of that fixed by the jury in the county court. We cannot say that this is flagrantly excessive.

Wherefore, perceiving no error, the judgment is affirmed.