# Kentucky-Tennessee Light & Power Company v. Shanklin.

(Decided March 25, 1927.).

## Appeal from Todd Circuit Court.

1. Eminent.—Opinions of witnesses familiar with land values are competent in condemnation cases, but their value depends on facts on which based, and, unless based on sufficient facts, probative weight of testimony is weakened, and verdict will be more readily set aside than in cases where there is conflict of evidence on primary facts.

2. Eminent Domain.—Award of $850 for easement, 100 feet wide and 2,000 feet long, across 100-acre farm, condemned for electric transmission line and constituting about 20 per cent. of the gross value of the farm, held excessive, in view of fact that value of strip condemned did not exceed $180 if wholly and permanently appropriated, that land actually appropriated for poles was not more than one-seventieth of an acre, and that owner had possession and use of balance subject to company's right of entry to maintain its lines.

3. Eminent Domain.—It is improper to permit damages to be assessed by majority of jurors in proceedings to condemn land for erection of power transmission line.

4. Eminent Domain.—Owner of farm across which a strip is condemned for easement for electric transmission line is entitled to recover the fair and reasonable market value of the strip, less its reasonable market value for use and occupancy, subject to the easement, plus any direct damages to remainder of tract because of easement, not exceeding the difference between the fair and reasonable market value of entire farm immediately before and immediately after taking, nor the amount claimed by the owner in his petition.

PETRIE & STANDARD for appellant.

S. WALTON FORGY for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is a suit to condemn a strip of land 100 feet wide and 2,000 feet long over the farm of Tom Shanklin for the purpose of acquiring an easement upon and over which to erect a transmission line. In the county court Shanklin recovered $800.00 in damages. On appeal to the circuit court the jury returned a verdict and the court entered a judgment in his favor for $850.00. The condemnor, Kentucky-Tennessee Light & Power Company, appeals.

Pending the proceedings the line has been constructed. Appellee owns a farm of 100 acres. The strip of land condemned passes through three fields at the back of his farm and within 80 feet of his stable. It does not appear that any crops were destroyed in the construction of the line though three strings of fence were severed and gates erected thereon. Seven posts were planted and the workmen hauled material back and forth along the line while it was being constructed. Shanklin has not been required to build any additional fences or make any improvements on the easement, which is in other respects similar to those usually condemned for the purpose mentioned. Appellee fixed the value of his farm, with the easement upon it, at $3,500.00, and its value without the easement at $4,500.00, and does not claim the land taken differs in value from that remaining. A number of other witnesses corroborated him in this. All of those witnesses were under the impression that the easement would divide the farm into two tracts. They disregard the right of the owner to any use of it, and seem to think it would constitute a turning point in the cultivation of the adjacent lands, though when the character of the use is explained to them they adhere to their original estimate of damages. They also lay some stress on broken wires and lightning.

On the other hand, the commissioners appointed in the county court fixed the damage at $100.00, and testified to the same effect on the trial. It thus appears that there is a conflict in the evidence as to the amount of damages based on the opinion of the witnesses, but when analysed the opinions of appellee's witnesses were largely based on a misconception of fact. It is uniformly held that the opinion of witnesses who are familiar with land values is competent evidence in cases of this character, but the value of their testimony depends on the facts upon which their opinions are based; and we have held that unless based on sufficient facts the probative weight of their testimony is weakened and the court will more readily set aside a verdict based thereon, as being against the weight of the evidence, than it will in cases where there is a conflict of evidence upon primary facts. See Ky. Hydro-Electric Co. v. Reister, 216 Ky. 303, and cases there cited. Here the entire strip condemned embraces only four acres. If this had been wholly and permanently taken its value as fixed by plaintiff did not exceed $180.00. The land actually appropriated for the pur-

pose of the poles was not over one-seventieth of an acre. He has the possession and use of the other 3 and 69/70 acres subject to the right of entry by appellant for the purpose of maintaining its lines. As appellee is put to no expense and the principal direct damage to the remainder of the farm is the presence of the line and the natural aversion of a landowner to the presence of the company's employes upon his premises and the undefined apprehension of danger from the proximity of the power lines, we think $850.00, or approximately 20% of the gross value of the farm, is excessive.

3. On another trial the court will not authorize a majority verdict. L. & N. R. R. Co. v. Lang, 160 Ky. 702, 170 S. W. 2; City of Hazard v. Combs, 213 Ky. 750, 281 S. W. 993; Logan County v. Davenport, 214 Ky. 845, 284 S. W. 98.

4. As given, instruction No. 1 describes the easement and No. 3 defines the rights of both parties under the easement. Number 1 also embraces the measure of damage. On another trial this element will be omitted from instruction No. 1; instruction No. 3 will be marked No. 2, and a separate instruction may be given substantially as follows:

You will find for the defendant such a sum in damages as you may believe from the evidence is the fair and reasonable market value of the strip of land taken for the easement, less the reasonable market value of such strip of land for use and occupancy, subject to the easement, as defined in instructions No. 1 and No. 2. And will further award him such direct damages, if any, as you may believe from the evidence will result to the remainder of the tract of land by reason of the condition in which it is left by the placing of the easement on the strip above described, but the total amount found shall not exceed the difference between the fair and reasonable market value of the entire farm immediately before and immediately after taking by the plaintiff of the easement, nor the amount claimed in the petition, $1,400.00.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.