## Kentucky Utilities Company v. Hunt.

(Decided November 4, 1927.)

### Appeal from Rockcastle Circuit Court.

Eminent Domain.—Award of $1,000 for easement on strip 50 feet wide and 1,222 feet long in farm containing 150 acres, for purpose of erecting electrical transmission line, which amount was

almost 17 per cent. of gross value of farm, held excessive where
value of land actually taken was less than $100, where record did
not show effect of injury to spring on value of land, and where
practically no resulting damages were established.

ROBT. G. GORDON, BRUCE, BULLITT, GORDON & LAURENT,
CHENAULT HUGUELY and JOHN W. BROWN for appellant.

C. C. WILLIAMS and S. D. LEWIS for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is a suit to condemn an easement on a strip of
land 50 feet wide and 1,222 feet long over the farm of
the appellee for the purpose of erecting a transmission
line. The line consists of two wooden towers of two poles
each placed in the ground 14 feet apart, with wooden
cross-arms near the top about 29 feet long. The wires
carrying the electric current are attached to these cross-
arms by insulators. The wires are maintained at least
25 feet above the ground, and the towers are 600 feet
apart. The appellant also has the right to place a tele-
phone line consisting of 4 poles about 300 feet apart
alongside the electric transmission line and 20 feet there-
from. The appellee has no right to place any structure
on the strip over which the line passes, nor within 10 feet
of the wires. The appellant has the right to trim or
remove any trees, brush, or branches that may interfere
with the operation of the line, and for purposes of main-
tenance, inspection, and repair of the line it has the
right of ingress and egress over the 50-foot strip men-
tioned. The appellant remains permanently liable here-
after to the owner of the land for all damages caused
to his fences, crops, animals, or other property belonging
to him by reason of the exercise of any of the rights con-
demned. Subject to the easement as above described, the
landowner continues in the full ownership, use, occupa-
tion, and enjoyment of his land. The appellee's farm
over which this line passes consists of about 150 acres
of land and is located about one-fourth of a mile back
from the public highway. The line passes over the rear
end of the farm. On the trial before the jury in the cir-
cuit court, the appellee was awarded $200 damages for
property actually taken for the transmission line, and
$800 for damages resulting to the rest of his farm by
reason of the easement actually taken. The appellant

appeals from that verdict, insisting that it is grossly excessive.

Although the appellee himself testified that his farm was worth $75 an acre, the overwhelming weight of testimony is to the effect that it does not exceed $40 an acre, thus making his farm as a whole worth $6,000. Had the appellant actually taken the 50-foot strip through Hunt's farm in its entirety, it would have taken but a little over 1½ acres of ground which would not have exceeded in value, according to the great weight of evidence, $60, and even according to appellee's testimony, not exceeding $100. But the whole of this strip was not taken, as the landowner remained in the full use and enjoyment of it except to the extent it was burdened by the easement we have above outlined. It is true that the record shows that a spring on appellee's farm was injured by the appellant during the erection of its transmission line. But the record is by no means clear as to what extent this spring was injured, or as to what extent its injury has affected the rest of the farm. Of course, if the appellee's spring has been injured, he must be paid therefor, but he must make some showing concerning the effect of its injury upon the value of the farm. This he has failed to do.

So far as the question of resulting damages is concerned, the witnesses all admit that if this were a telephone line instead of an electrical transmission line there would be practically no resulting damages. The sole ground on which they put any resulting damages is an undefined apprehension of danger from the proximity of the power lines. In the case of Kentucky-Tennessee Light & Power Co. v. Shanklin, 219 Ky. 279, 292 S. W. 790, which is very similar to the present one, it was shown that the value of the farm there involved was about $4,-500. The damages awarded for an easement like the present one was $850. We said:

> "As defendant is put to no expense and the principal direct damage to the remainder of the farm is the presence of the line and the natural aversion of a landowner to the presence of the company's employees upon his premises and the undefined apprehension of danger from the proximity of the power lines, we think $850, or approximately 20 per cent. of the gross value of the farm, is excessive."

That case cannot be distinguished from the present one. The damages here awarded were almost 17 per cent. of the gross value of the farm. The value of the land actually taken was less than $100. How the injury to the spring, if it was injured, affected the value of the farm is not shown. Practically no resulting damages were established. Under such circumstances, an award of $1,000 is excessive.

The judgment of the lower court is therefore reversed, with instructions to grant the appellant a new trial herein.