## Kentucky & West Virginia Power Co. v. May.

(Decided October 18, 1932.)

POLLARD & POLLARD for appellant.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Kentucky & West Virginia Power Company instituted a proceeding in the Breathitt county court to condemn land for the purpose of maintaining a transmission line for the conveying of electricity, maintaining its poles, wires, and cross-arms and other equipment incident thereto, as well as telephone and

telegraph lines. Commissioners were appointed to view and assess the value of the land to be condemned; directed to report its findings and the resulting damage. It reported the land to be taken was of the value of $800, including damage, and that James May was the owner.

May was summoned. Both he and the Kentucky & West Virginia Power Company filed exceptions to the commissioner's report. We find no judgment of the county court concerning the exceptions. However, the Kentucky & West Virginia Power Company perfected an appeal to the circuit court, where a trial by a jury was had, resulting in a judgment in favor of May in the sum of $1,500, from which this appeal is prosecuted.

The Kentucky & West Virginia Power Company presents two grounds for reversal: (1) excessive damage; (2) error in giving and refusing instructions.

No other errors are urged or relied on in its brief. Therefore we shall confine ourselves to a consideration of errors presented in the brief. Inasmuch as the judgment must be reversed and a new trial awarded because of improper instructions, we decline to express an opinion on the question of excessive damage, as this question may not arise on another trial.

By instruction No. 1, the court defined "Easement." Instruction No. 2 described the easement sought to be condemned. Instruction No. 3 defined the right of May; No. 4 set out the criterion of damage. Instruction No. 3, which attempted to define the right of May, failed to do so correctly. It is so worded as to convey a doubt as to whether he retained any right in the land condemned, subject to the easement.

On another trial the court will instruct the jury as follows:

No. 1. The court instructs the jury to find for the defendant, James May.

No. 2. The court instructs the jury that the easement acquired by the Kentucky & West Virginia Power Company, by reason of the condemnation proceedings herein, gives to it the right to erect and permanently maintain a transmission line for the conveying of electricity, maintainig its poles, wire, and cross-arms and other equipment incident thereto, as well as telephone

and telegraph lines, on and over the land of the defendant, May, at the point stated in the petition and described in the evidence; that it further gives to it the right of ingress and egress over the land of May at the point stated in the petition and the evidence for the purpose of repairing its transmission lines, telephone and telegraph lines, and for the purpose of keeping the lines free from such obstructions as would prevent the proper use of same for a distance of 50 feet on each side of the line; but, subject to its aforesaid rights, May has the right to cultivate and use the land, and has the fee-simple title to the same.

No. 3. You will find for the defendant, May, such sum in damage as you may believe from the evidence is the fair and reasonable market value of the strip of land taken for the easement, less the reasonable market value of such strip for use, cultivation, and occupancy, subject to the easement as defined in instruction No. 2. And you will further award him such direct damage, if any, as you may believe from the evidence resulted to the remainder of the tract of land by reason of the condition it is left by placing of the easement on the strip above described, but the total amount found should not exceed the difference between the fair and reasonable market value of the entire farm immediately before and immediately after the taking by plaintiff of the easement.

No. 4. The entire panel of 12 jurors must agree on a verdict, one of you signing it as foreman. See Kentucky-Tenn. Light & Power Co. v. Shanklin, 219 Ky. 279, 292 S. W. 790; Kentucky Hydro-Electric Co. v. Woodard, 216 Ky. 618, 287 S. W. 985.

The Kentucky & West Virginia Power Company reserved exceptions to a great deal of evidence heard by the jury, but it has failed to point out in its brief such incompetent evidence. Adhering to the prevailing rule, this court will not of its own accord search and scrutinize the record for objectionable testimony, where brief of counsel does not present the same for consideration. Peake v. Thomas, 222 Ky. 405, 300 S. W. 885. We therefore refrain from expressing an opinion as to such evidence or determine its competency.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.