**UNITED FUEL GAS COMPANY, Appellant,**

v.

**Maurice HIENEMAN et al., Appellees.**

Court of Appeals of Kentucky.

. Nov. 12, 1954.

J. K. Wells, Paintsville, for appellant.

Thomas E. Nickel and Oscar Sammons, Greenup, for appellees.

MOREMEN, Judge.

This action was instituted by appellant to condemn a right of way 260 feet in length, comprising 0.53 acres, across a part of appellees' 3 acre tract of land in Greenup County for a pipe line easement, the right of way for another portion of which was involved in United Fuel Gas Co. v. Mauk. The opinion in that case was rendered today and will be reported in 272 S.W.2d 810.

The facts are essentially the same., The questions involved in this case are also the same except here we have two additional points which were not raised in the Mauk case. For the reasons expressed in that case and those hereinafter set out, the case must be reversed. The commissioners' award of $160 for the easement area was increased by a judgment of the Greenup Circuit Court to $1100—$400 for the easement area and $700 damages to the remainder of the tract. The pipe line installed within this easement lies at a distance of 117 feet from appellees' house. The case was submitted to the jury on the question of damages only.

The first three questions raised by appellant are the same as those propounded in the Mauk case which we have discussed under points 1, 2 and 3 in the said case. The same errors were committed in the instant case and, for a discussion of them, reference is made to the Mauk case.

Appellants make the additional argument that the court erred: (a) in permitting witnesses to testify concerning fear as an element of the depreciation in the valuation

of the property; (b) because seven condemnation suits involving adjacent property were tried on consecutive days by the same jury panel with the result that the members heard on one day a case substantially like those of the previous days and for that reason became biased.

## Point A

■ In this particular case the testimony concerning fear as an element for depreciating the value of the property was brought out by appellant on cross-examination. It cannot now complain of the testimony elicited. De Borde v. Moore, 211 Ky. 396, 277 S.W. 461; Royal Adjustment Co. v. Union National Bank, 193 Ky. 704, 237 S.W. 409. However, the question of whether it is proper to consider fear in connection with the valuation of property will be discussed in the case of United Fuel Gas Co. v. Crider, Ky., 272 S.W.2d 816.

## Point B

■ In this case, four of the jurors, who were members of the panel in the Mauk case, tried the previous day, sat on the jury over objection of appellant. In 31 Am.Jur., Jury, Section 163, Page 676, it is said:

"According to the weight of authority, where the same question of fact is involved in a case between other parties, the rule is held to apply that obtains where one of the parties was the same in both actions, and jurors who have served in the prior case are held incompetent to act in the subsequent case on the ground that they have formed and expressed an opinion, and are not impartial. There is contrary authority, however, and the contrary rule has been said to be that of the common law. The contrary and common-law rule has been criticized on the ground that it is based on the original theory of the jury system which assumed that jurors were to try the case from their knowledge of the parties and the matter in issue."

We are committed to the common-law rule. In the recent case of Commonwealth v. Hall, Ky., 258 S.W.2d 479, 481, it was said:

".An absolute rule that jurors who have sat in a civil case may not at the same term sit in another case, between different parties, involving substantially similar facts and issues, would, unless very strictly interpreted, seriously impair the administration of justice. It would be extremely difficult to determine where to draw the line of substantial similarity. We are of the opinion that the ends of justice will be better served by leaving to the trial court some discretion in determining whether bias actually does exist such as to prevent the juror from rendering a fair and impartial verdict."

We are unable to say from the facts presented in this case that the trial court abused the exercise of sound discretion in determining whether bias actually existed.

For the reasons given, the motion for an appeal is granted and the judgment reversed for proceedings consistent with this opinion.