UNITED FUEL GAS COMPANY

v.

Burbage CRIDER et al.

Court of Appeals of Kentucky.

Nov. 12, 1954.

J. K. Wells, Paintsville, for appellant.

Coldiron & Warnock, Greenup, for appellees.

MOREMEN, Judge.

This action was instituted by appellant to condemn a right of way 1496 feet in length, comprising 2.28 acres, across a part of appellees' 112 acre farm in Greenup County for a pipe line easement, the right of ways for other portions of which were involved in United Fuel Gas Company v. Mauk, 272 S.W.2d 810, and United Fuel Gas Company v. Hieneman, 272 S.W.2d 813, 814, the opinions of which were rendered today, and other cases to which we need not refer because they involve the same questions as those presented in the above styled cases.

The property involved in this action in relation to the Chesapeake & Ohio Railroad Company right of way, U. S. Highway 23, and the easement, lies substantially the same as the property described in the Mauk case. In this case too, on an appeal from the Greenup County Court, the Circuit Court entered a judgment on a verdict for $2,500—$1,000 for the easement area and $1,500 resultant damages to the remainder of the tract.

The facts and questions presented are essentially the same as those decided in the above cases with the exception that witnesses were permitted to testify concerning the extent to which fear of explosion entered into their calculation of damages for depreciation in value.

In the case of Gulledge v. Texas Gas Transmission Corporation, Ky., 256 S.W. 2d 349, the court specifically outlined standards which must be met before such testimony would be competent. The principal witness on this point, Mr. Farson, substantially met the qualifications prescribed in said case and we believe his testimony was competent.

Since this case will be reversed for a new trial—if there is a new trial—testimony should only be admitted under the rules of the Gulledge case.

The facts and the questions of law involved in this case are essentially the same as those involved in the two above cited cases. Therefore, for the reasons given in, and upon authority of, United Fuel Gas Company v. Mauk, and United Fuel Gas Company v. Hieneman, the judgment herein is reversed.