## SALT RIVER RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,

### v.

### Mrs. Alice THURMAN, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1955.

Polin & Polin, Springfield, Ernest N. Fulton, Fulton & Hubbard, Bardstown, for appellant.

Charles McChord, Springfield, for appellee.

SIMS, Justice.

In this proceeding appellant, Salt River Rural Electric Cooperative Corporation (hereinafter referred to as the company), condemned an easement 4,664 feet long and 100 feet wide over the farm of appellee, Mrs. Alice Thurman, for the erection of an electric transmission line carrying 33,000 volts. There were 11 poles upon which were strung 4 wires, 22 feet above

the ground. The poles were 18 inches in diameter, 6 of which were set in bottom land and the other 5 in upland used for pasture. The judgment gave the company an easement of ingress and egress over a farm road for the purpose of reaching its line to maintain and keep same in repair. The commissioners fixed appellee's damages at $85 and on her appeal to the circuit court the jury awarded her $1,000, which the company on the motion for appeal here insists is excessive.

Mrs. Thurman's farm is in Washington County, contains about 400 acres and is worth in the neighborhood of $70,000. The power line is located 369 feet from the residence and 308 feet from the barn. While the company has the right to cut and remove all trees and bushes from its easement, it was not necessary in this instance to cut any timber or bushes. The judgment gives Mrs. Thurman the right to cultivate the easement, but she may not erect any buildings thereon. The land physically occupied by the poles amounts in the aggregate to about only 20 square feet. She may fence any part of the easement but the company does not have this right. All damages to the road, fences, crops and to the land when the company exercises its right of ingress and egress shall be paid by the company.

The verdict was in the lump sum of $1,000 and we cannot determine what appellant was allowed for the easement taken and how much for resulting damages. There is evidence that the company in constructing its line moved heavy equipment over appellee's road damaging it, and the estimates of this damage varied from $50 to $200. The company is not complaining about the damages to the road but it vigorously insists that $800 is excessive damages for the easement on which its line is constructed.

As only about 20 square feet of the farm was physically appropriated by the erection of the line, there can be but little damage on that score. Appellee can cultivate the 100 foot easement and its

productivity has not been interfered with, yet the fact that the company has this easement over her land, to which she objects, entitles her to compensation which must be paid in money and not by resulting benefits, if any, to the farm; also, she is entitled to recover for any diminution in the value of her farm caused by this line.

There is no hard and fast rule which the court may use to measure damages in condemning land and each case is ordinarily controlled by its own peculiar facts. Generally, a verdict will not be disturbed as excessive unless it shows bias or prejudice or is based on estimates unsupported by the facts, or is so extravagant as to create a probability the estimates are not correct. Tennessee Gas Transmission Co. v. Teater, Ky., 252 S.W.2d 674; see annotations 49 A.L.R. 697, 124 A.L.R. 407; 38 A.L.R.2d 788.

In applying this rule we have considered the value of this farm at $70,000; that only about 20 square feet of it was physically appropriated; that the easement for the transmission line extends for almost a mile and 6 of its 11 poles were erected in the most productive part of the farm, yet there will be no interference with appellee's cultivation of the easement, except the slight inconvenience of going around the poles as there were no guy wires; that appellee will be compensated for damages to crops, fences and the road caused by the use of the easement, which in the ordinary course of events will be infrequent.

Appellee's various witnesses, all of whom but one were relatives, or a tenant, placed the damages done the farm by this line at from $2,000 to $5,000. A son-in-law, Mr. Lyman Barber, placed the interference with the cultivation by the poles at $1,500, and the unsightly condition caused by the wires and their interference with airplane dusting of crops at $1,000. Most of appellee's other witnesses based their estimates of damage to the farm on these same facts, although some of them mentioned an item of damage to the road of $200. Of course,

the company will have to pay any and all damages it does to the road, as well as damages to fences, crops and the land itself, every time it goes on the farm.

The company's proof is to the effect that the land actually occupied by the poles and the inconvenience in plowing around them does not damage the farm in excess of $200; that the damage to the road was only $50, and $250 constitutes all the damages appellee suffered as the line did not diminish the value of her farm.

Since the advent of rural electrification, many farms have transmission lines traversing them and instead of being unsightly, many prospective buyers of farms regard them as evidence that an abundance of electric power is manifest. It is but small inconvenience to plow and cultivate around a pole and we cannot seriously regard the testimony that the poles damaged the farm $1,500. Naturally, there is some interference by the wires with spraying or dusting crops from an airplane. But sight must not be lost of the fact that a plane may fly parallel with the wires and dust the crops without coming in' dangerous proximity to the wires.

· The weakness in appellee's case is there is no reasonable basis given by her witnesses upon which they rest their estimates of the damages she will suffer by reason of this transmission line. We said in Kentucky-Tennessee Light & Power Co. v. Shanklin, 219 Ky. 279, 292 S.W. 790, and in Petroleum Exploration v. McGeorge, 225 Ky. 131, 7 S.W.2d 821, that unless 'a witness'. testimony on land values or damages thereto is based on sufficient facts, the probative value thereof is weakened, and in this character of case we will more readily set aside a verdict based thereon as being against the weight of the evidence than we will where there is a conflict in the evidence on primary facts.

It strikes us that the judgment for $1,000 is grossly excessive. For the reasons given the motion for appeal is sustained and the judgment is reversed for proceedings consistent with this opinion.

MOREMEN, J., dissents as he thinks the judgment is not excessive. He can see no reason for drawing a distinction between the verdict here and the one in Salt River Rural Electric Cooperative Corp. v. Litsey, Ky., 275 S.W.2d 782.