SALT RIVER RURAL ELECTRIC COOPERATIVE CORPORATION, Appellant,

v.

William L. LITSEY, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1955

Ernest N. Fulton, Fulton & Hubbard, Bardstown, H. M. Grigsby, Springfield, for appellant.

Charles McChord, Springfield, for appellee.

SIMS, Justice.

This is a companion case to Salt River Rural Electric Cooperative Corp. v. Thurman, Ky., 275 S.W.2d 780. Most of the material facts in the two cases are quite similar, and the law governing the two cases is identical. However, there are these differences in the facts in the two cases; the Litsey farm contains 151 acres, is worth $30,000, has no residence on it and the transmission line extends 2,163 feet and only 6 poles, all without guy wires, were erected, one of which was in the fence line. The commissioners fixed appellee's damages at $30 and on the appeal to the circuit court the jury awarded him $560. On its motion for appeal here the company insists: 1. the judgment is excessive; 2. incompetent evidence was admitted to its prejudice.

The Litsey farm is likewise in Washington County and the easement obtained by the company was for the same transmission line and the judgment also gave the company an easement of ingress and egress over a farm road, as in the Thurman case. The evidence for the landowner shows the Litsey farm road was damaged in the sum of $275, which left $285 to cover the damages to the farm caused by the easement upon which the transmission line was erected.

For the reason hereinafter stated, motion for the appeal is denied and the judgment is affirmed. It is not customary to write an opinion in cases where such motions are denied. We do so in this case only because of the similarity it bears to the Thurman case, as we think it well to point out the distinguishing features of the two cases since we reversed the Thurman judgment and are affirming this one.

The fact which really caused us to reach a different conclusion here than we did in the Thurman case is that 35 trees were cut from the easement on the Litsey farm while no timber was cut on the Thurman farm. True, Litsey failed to show the value of these trees and his specific damages by reason of their being cut. But there was proof that some of the timber was small and of more value standing than cut, and that the farm was worth from $1,000 to $1,200 more before the easement was taken than it was after it was taken. The company's proof showed the damage to the farm was from $50 to $100, practically all of which related to the road. Litsey proved the damage done his road was $275 and the verdict was $560. This leaves only $285 damages for the cutting of the trees, and we cannot say this sum is excessive under the authorities cited in the Thurman opinion.

There was evidence that Mr. Litsey, Sr., wanted to build a house near the highway, as there was no residence on the farm, but the transmission line prevented him from so doing as the judgment provided no building may be erected on the easement. It is argued in briefs that such testimony was incompetent, citing the case of Louisville & N. R. Co. v. Cornelius, 232 Ky. 282, 22 S.W.2d 1033, to the effect that it is not competent for a landowner to show to what use he contemplated putting the property nor what plans he has for its improvement. Appellee relies upon Miller v. King, 278 Ky. 151, 128 S.W.2d 621, wherein we distinguished the Cornelius case and held that the landowner could show the adaptability for building purposes of the land taken. Upon the authority of the Miller case we hold this testimony competent. While Litsey did not attempt to prove any specific damages by reason of the destruction of a building site on his farm by the transmission line, he introduced testimony that the easement damages his farm from $1,000 to $1,200. When we take into consideration the cutting of the timber and the loss of his building site, it is clear to us it cannot be

said that $285 is excessive under the authorities cited in the Thurman opinion.

We do not deem it necessary to discuss the law applicable to this case as what we said in the companion case of Salt River Rural Electric Cooperative Corp. v. Thurman, Ky., 275 S.W.2d 780, relative to the law applies here.

Motion for appeal is denied and judgment is affirmed.