UNITED FUEL GAS COMPANY, Appellant,

v.

Willis MAUK et al., Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

Maurice HIENEMAN et al., Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

Maurice HIENEMAN and Molly Hieneman et al., Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

Carl MAUK et al., Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

Herman WELLS et al., Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

Burbage CRIDER et al., Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

W. C. SHERMAN et al., Appellees.

Court of Appeals of Kentucky.

May 17, 1957.

J. K. Wells, Paintsville, Joe B. Bates, Greenup, R. K. Talbott, C. E. Goodwin, Charleston, W. Va., for appellant.

Oscar Sammons, Thomas E. Nickel, Greenup, for appellees.

WADDILL, Commissioner.

These appeals, consolidated in this Court, have been prosecuted pursuant to KRS 21.-080 from separate judgments entered in the Greenup Circuit Court. This is their second appearance in this Court.

Appellant, United Fuel Gas Company, instituted these actions to condemn a right of way across certain portions of appellees' farms for a pipeline easement. The judgments entered in the circuit court on the former trials of these cases were reversed by this Court and the cases were remanded for proceedings consistent with the opinions. See United Fuel Gas Co. v. Mauk, Ky., 272 S.W.2d 810; United Fuel Gas Co. v. Hieneman, Ky., 272 S.W.2d 813; United Fuel Gas Co. v. Hieneman, Ky., 272 S.W.2d 814; United Fuel Gas Co. v. Mauk, Ky., 272 S.W.2d 815; United Fuel Gas Co.

v. Wells, Ky., 272 S.W.2d 815; United Fuel Gas Co. v. Crider, Ky., 272 S.W.2d 816; United Fuel Gas Co. v. Sherman, Ky., 272 S.W.2d 817.

■ Upon retrial of these cases, the circuit court substantially followed the rulings made by this Court on the questions raised on the former appeals of this litigation. Therefore, the only ground urged for reversal that will be considered is whether the damages awarded in these actions are excessive. In this respect each case must be considered separately.

The easement condemned for the pipeline across the farm of appellee Willis Mauk is approximately 200 feet in length, comprising 0.42 acres, and is located about 500 feet from Mauk's dwelling house. The easement does not preclude Mauk from using the area involved for farming purposes after the pipeline is installed. The jury awarded damages in the sum of $1,100, finding that the value of the easement area was $800 and that the resulting damages to the farm were $300. This verdict raised the Commissioners' award exactly $1,000, and was also $250 more than the verdict on the former trial. The award of $1,100 for the easement across a portion of this farm has no reasonable basis in fact and is excessive. Salt River Rural Electric Cooperative Corp. v. Litsey, Ky., 275 S.W. 2d 782; Tennessee Gas Transmission Co. v. Teater, Ky., 252 S.W.2d 674.

The jury awarded appellees Maurice and Opal Hieneman the sum of $1,800. The verdict allowed $800 for the easement and $1,000 for damages resulting to the remainder of the farm. By its verdict the jury raised the award of the Commissioners by the sum of $1,640, which was an increase in the amount awarded these appellees upon the former trial of $700. We find the award of $1,800 for a right of way, 260 feet in length, comprising 0.53 acres, across this farm is plainly excessive.

The appellees Maurice Hieneman, Opal Hieneman and Mollie Hieneman were awarded $775. The verdict gave them $375 for the easement which was 269 feet in length, comprising 0.43 acres, and $400 for the damages incurred to the remainder of their 35-acre farm. The verdict was $630 more than the amount allowed by the Commissioners. The award is clearly excessive.

The easement condemned across the farm of appellee Carl Mauk was 703 feet in length, comprising 0.96 acres, and was located near the extreme eastern boundary of the farm. The jury awarded Mauk $1,000 for the easement area and $500 for resulting damages to the remainder of his farm. This verdict increased the Commissioners' award by the sum of $1,255. This verdict is obviously excessive.

The right of way condemned over part of the 115-acre tract of land of appellee Wells was 393 feet in length, comprising 0.57 acres, and was located across the eastern boundary of the farm. The Commissioners' award was $165. The jury gave Wells $400 for the easement area and also allowed $775 as resulting damages to the remainder of the tract. We think this verdict is excessive.

The condemnation proceedings against appellee Crider involved a right of way 1,496 feet in length, comprising 2.28 acres, which runs across the eastern portion of his 112-acre farm. The Commissioners' award was $450. The jury allowed $500 for the land condemned for the right of way and $1,000 as damages to the remainder of the property. We find the total award to be clearly excessive.

The easement condemned across the land of appellee Sherman is 1,093 feet in length, comprising 2.28 acres, and is located near the western boundary of the farm. The Commissioners' award was increased from $375 to $2,200 by the jury. The verdict is clearly excessive.

■ In cases of this character the determination of the amount of damages is primarily the province of the jury under proper instructions by the trial court. Gen-

erally, courts are reluctant to interfere with a verdict of a jury when challenged, either as excessive or inadequate. Nevertheless, the verdict is subject to the supervision of the court. The jury may not, through sympathy or other similar reasons, base its verdict upon testimony that is so incredible and contrary to common knowledge as to be manifestly without evidentiary value. See Coney Island Co., Inc., v. Brown, 290 Ky. 750, 162 S.W.2d 785; 20 Am.Jur., Evidence, Section 1183.

The land involved in the instant actions is located in Greenup County and is presently being used in connection with farming purposes. The testimony which tends to establish high value for the land condemned is of a highly speculative character and is unconvincing to this Court.

Since it is for the jury to fix the amount of damages, we are not setting aside the verdicts merely because they appear to be large, or because we would have awarded less, but for the sole reason that the damages allowed appear to us to be so excessive as to strike us as being unreasonable, and such as to show the jury was actuated by passion or partiality or by prejudice.

The motion for an appeal in each of these cases is sustained, and the judgments are reversed with directions to set them aside.