UNITED FUEL GAS COMPANY, Appellant,

v.

Willis MAUK, Appellee.

UNITED FUEL GAS COMPANY, Appellant,

v.

Maurice HIENEMAN and Opal Hieneman, Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

Maurice HIENEMAN and Molly Hieneman, Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

Carl MAUK, Appellee.

UNITED FUEL GAS COMPANY, Appellant,

v.

Herman WELLS, Appellee.

UNITED FUEL GAS COMPANY, Appellant,

v.

Burbage CRIDER and Ida Crider, Appellees.

UNITED FUEL GAS COMPANY, Appellant,

v.

W. C. SHERMAN, Appellee.

Court of Appeals of Kentucky.
June 12, 1959.

---

J. K. Wells, Paintsville, for appellant.

Oscar Sammons, Greenup, for appellees Willis Mauk and others.

Coldiron & Warnock, Greenup, for Burbage Crider and Ida Crider.

CULLEN, Commissioner.

This is the third appeal of these seven cases, which concern the award of damages in the condemnation of an easement for a gas pipeline across seven tracts of land. (Five of the cases are here on motion for an appeal.) On the first appeal, judgments awarding damages to the property owners were reversed for errors in the admission and rejection of evidence. See 272 S.W.2d 810, 813, 814, 815, 816, 817. On the second appeal, the judgments were reversed on the ground that the damages were excessive. See 302 S.W.2d 368. On the present appeal, the condemnor again asserts that the damages are excessive.

The following table shows the amounts awarded by the judgments on the second trial (which were reversed as being excessive), and the amounts awarded by the judgments on the third trial, which are now on appeal:

| Owner | Second Trial | Third Trial |
| --- | --- | --- |
| W. Mauk | $1,100 | $1,600 |
| M. Hieneman | 1,800 | 1,700 |
| M. & M. Hieneman | 775 | 900 |
| C. Mauk | 1,500 | 2,300 |
| H. Wells | 1,175 | 1,650 |
| B. Crider | 1,500 | 2,800 |
| W. Sherman | 2,250 | 3,500 |

It will be observed that the amounts awarded on the third trial all exceed those awarded on the second trial, except that to M. Hieneman, which is $100 less.

We find no difference of any real substance between the evidence on the third trial and that on the second. Since we reversed the judgments on the second trial as being "so excessive as to strike us as being unreasonable, and such as to show the jury was actuated by passion or partiality or by prejudice," we would think it should have been obvious to the trial court, and to the appellees, that judgments in six of the cases for larger amounts, and in one of the cases for substantially the same amount, on the same kind of evidence, could not be upheld. We again hold the damages to be excessive.

It should be clear by now that under the evidence in these cases, awards of damages that are not substantially less than those awarded on the second trial will not be upheld.

The motions for appeal in the five cases that are here on motion are sustained, and the judgments in all seven cases are reversed, with directions to grant a new trial.