**Michael CASSIDY and Honeywell, Incorporated, Appellants,**

v.

**Harry E. FERTIG, Appellee.**

Court of Appeals of Kentucky.

March 7, 1969.

William A. Miller, Louisville, for appellants.

G. William Clements, I. G. Spencer, Jr., Clements & Spencer, Louisville, for appellee.

MILLIKEN, Judge.

Plaintiff-appellee, Harry E. Fertig, a stone and brick mason of many years' experience in his craft, obtained a judgment slightly in excess of $15,000.00 for serious injuries incurred when an inside, corridor wall fell upon him during the construction of the KEA Building in Louisville in the fall of 1967. The principal issue on this appeal is not the amount of the judgment, but whether Fertig was contributorily negligent as a matter of law.

The corridor wall was only partially completed at the time of the accident, was of concrete block construction sixty-four inches or eight tiers of blocks in height, on a base of approximately four inches, and extended between two door frames about six feet apart to which it had not been tied at the time of the accident. In that state of construction it was known as a floating or untied wall, concededly easy to topple if subjected to slight lateral pressure, particularly near its top, yet capable of withstanding great pressure or weight applied straight down from the top. Fertig and several other masons were to face the wall with a stone veneer during which time it would be tied into the set doorframes or bucks and lose its tippy character as a floating wall.

Shortly after the beginning of the workday Fertig saw the defendant-appellant, Cassidy, an employee of the defendant-appellant, Honeywell, Incorporated, examining the wall and knew from previous construction work that he was there to install a thermostat on it before the stone veneering was completed. The gist of it is that Fertig was on one side of the wall near a door opening, stooped over, sorting stones when the wall toppled upon him. Fertig estimated that it fell within two minutes after he had started sorting out the irregularly shaped stones.

There was conflicting testimony as to just who and what caused the wall to topple. Cassidy said he used a six-foot ladder which he set near the wall and mounted it to its top step from which he stepped to the top of the wall. On the other hand, Fertig's witnesses said Cassidy did not use a ladder but rather grasped the side of the metal doorjamb with one hand and placed his other hand on the top of the wall and then swung or lifted himself on to the top of the wall without apparently disturbing it. In moving around on the top of the wall, Cassidy did a bit of bending as he unrolled and adjusted tubing used in the installation of the thermostat. Cassidy testified he thought the wall moved so he leaped clear of it, but there was other testimony that he grabbed the doorframe and pushed off laterally against the wall which caused it to fall—that the wall had not started falling before that. There clearly was a jury issue as to whether Cassidy was negligent.

It is true that Fertig knew what sort of work Cassidy did and that the untied or floating wall could be easily toppled by lateral pressure near its top. He and two of his co-workers had seen other workmen such as Cassidy stand on the top of a floating wall in order to accomplish their tasks, but never on a floating wall with less than a four-inch base such as this wall. On a wall with an eight inch base? Yes. "They (workmen) generally use a ladder," when they work above a floating wall with such a narrow base, which, Fertig's witnesses said, Cassidy did not use. Fertig said that he knew Cassidy would work above the wall "some time", but at the time he (Fertig) was stooped, sorting stones, " * * * I didn't know that man was on that wall."

It was apparent that Fertig was in the area where he normally would have to be in order to do his work even though he knew it was easy to topple an unanchored wall on a narrow base such as that of this wall. That was a normal risk of his work; that was a risk he had to take and could not be considered negligent for taking. Furthermore, when he did not know Cas-

sidy was on the wall, he did not consciously take any risk Cassidy's presence there may have created. Whether Fertig was negligent in not steering clear of the wall when he knew that Cassidy (or possibly other workmen) probably would be working overhead close to the wall is not a clear-cut issue for a court to determine as a matter of law; it is an issue for a jury to determine (not on the basis of assumption of risk) but on the basis of whether it believed Fertig acted reasonably and exercised ordinary care for his own safety in all the circumstances of this case. Parker v. Redden, Ky., 421 S.W.2d 586 (1967). We find that the instructions were fair and adequate.

The judgment is affirmed.

All concur.