Michael **CASSIDY** and Honeywell, Inc.,
Appellants,

v.

**SULLIVAN & COZART, INC.,** and Liberty
Mutual Insurance Company, Appellees.

Court of Appeals of Kentucky.

June 11, 1971.

William A. Miller, Louisville, for appellants.

William D. Grubbs, Louisville, for appellees.

CULLEN, Commissioner.

Harry Fertig was injured while in the course of his employment for Sullivan & Cozart, Inc. He brought suit for damages at common law against one Michael Cassidy and the latter's employer, Honeywell, Inc., alleging that Cassidy negligently caused the injuries. He recovered judgment against Cassidy and Honeywell for $15,000 and on appeal to this court that judgment was affirmed. Cassidy v. Fertig, Ky., 438 S.W.2d 346. Out of that recovery Sullivan & Cozart's workmen's compensation insurance carrier, Liberty Mutual Insurance Company, recouped the amount of workmen's compensation payments it had made to Fertig, and by reason of the recovery the carrier and the employer were relieved of liability to make any further workmen's compensation payments.

After paying off Fertig's judgment, Cassidy and Honeywell brought the instant action against Sullivan & Cozart and Liberty Mutual, seeking (1) full indemnity for the amount paid on Fertig's judgment, or (2) as a conditional alternative, recovery against the two defendants in the amount by which they had benefited by way of recoupment of workmen's compensation payments made and relief from further such payments. The circuit court entered summary judgment for the defendants. Cassidy and Honeywell have appealed from that judgment.

The facts of the accident are set forth in Cassidy v. Fertig, Ky., 438 S.W.2d 346, but for convenience we shall restate the facts that are essential to this case. Sullivan & Cozart, on a Friday, had constructed a "floating" corridor wall in a new building that was under construction. The wall was five feet and four inches in height but was only *four inches* thick, being constructed of concrete blocks with a thickness of four inches and a height of eight inches. On the Monday following the construction of the wall, Fertig was making preparations to commence putting a stone facing on the wall, and was stooped over near the base of the wall, at one end, sorting stones. Cassidy had been directed by his employer, Honeywell, to mount a thermostat on the wall, with tubes running from it to a connection in the ceiling. Cassidy climbed on top of the wall and proceeded to install the thermostat. As a result of Cassidy's actions, either in moving around on the wall or in leaping from it, the wall toppled and part of it fell on Fertig, causing the injuries for which he subsequently recovered his judgment for damages.

Cassidy's testimony on the trial of Fertig's action (a transcript of which was presented in the instant case in opposition to the defendants' motion for summary judgment) was that when he first arrived at the place of the accident a man named McClain, who was a bricklayer employed by Sullivan & Cozart, was standing by the wall. Cassidy asked McClain whether it was safe to get on the wall and McClain said that it was all right to get on the wall as it had been up since Friday. Cassidy said that he relied on this assurance by McClain in getting on the wall. The testimony as to McClain's presence and statement to Cassidy was controverted by other evidence, but for the purpose of determining whether the trial court properly granted a summary judgment in the instant case we shall assume the truth of Cassidy's testimony.

The appellants' primary contention is simply that McClain's "false or negligent" misrepresentation as to the safety of the wall constituted *active* or *primary* negligence as compared with *passive* or *secondary* negligence on Cassidy's part, wherefore Sullivan & Cozart as McClain's employer should be required to indemnify Cassidy and Honeywell for the amount they were compelled to pay to Fertig. The appellants rely on such cases as Brown Hotel

v. Pittsburgh Fuel Co., 211 Ky. 396, 224 S.W.2d 165; Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137; Kroger Co. v. Bowman, Ky., 411 S.W.2d 339; Kentucky Utilities Company v. Jackson County Rural Electric Cooperative Corporation, Ky., 438 S.W.2d 788; and Louisville Gas & Electric Co. v. Koenig, Ky., 438 S.W.2d 791.

■ We do not find the cited cases to be controlling because in each of them there was a negligently created condition which was hazardous for uses that could be *anticipated* when the condition was created. The person who created the condition was held liable on indemnity to a person who simply failed to remedy or correct the existing dangerous condition. In the instant case the wall was not hazardous for uses that were to be anticipated when it was constructed. The hazard resulted from the wall's being put to an unanticipated use. Cassidy was held negligent in not foreseeing that the wall might fall if he climbed upon it and exerted lateral pressures against its top. The negligence sought to be charged to McClain is that he likewise did not foresee such consequences. The only basis upon which it could be argued that McClain's negligence was primary and Cassidy's was only secondary would be that McClain clearly had substantially greater apparent knowledge than Cassidy of the structural strength of a wall of this nature and by giving Cassidy advice as to the safety of the wall, upon which Cassidy was entitled to and did rely, McClain in effect created the danger.

Even if it be conceded that McClain, being a bricklayer, had more capacity than did Cassidy to judge the structural strength of the wall, we cannot bring ourselves to the conclusion that the circumstances were such as to justify putting the obligation of indemnity on McClain's employer.

It is true, as illustrated by cases cited by the appellants, that the courts frequently have held that a person who took action in reliance upon the assurance of another that the action would be safe, and was injured because the assurance was in error, was not *contributorily* negligent and thus could recover from the person who gave the assurance. But in those cases there has been, in addition to the existence of superior knowledge on the part of the person who gave the assurance of safety, some additional circumstance imposing a special duty on the latter, such as his being the employer of the person to whom the assurance was given or having been guilty of antecedent negligence in causing the condition not to be safe. Furthermore, in those cases the injured person was found not to be guilty of any negligence, whereas in the instant case Cassidy has been found negligent. Also, McClain and his employer initially owed no duty to Cassidy to ascertain whether the wall was in fact safe for him to climb upon, so he had no reason other than his assuming McClain's superior knowledge as a bricklayer, to rely on Mc-Clain's assurances of safety, rather than on his own evaluation of the structural strength of the wall.

It is our conclusion that the lower court correctly rejected the appellants' claim for full indemnity.

■ The appellants' alternative claim was for recovery against the appellees in the amount by which the latter had benefited by way of recoupment of workmen's compensation payments made and relief from further such payments. A similar claim was rejected in Ashland Oil & Refining Co. v. Bertram & Thacker, Ky., 453 S.W.2d 591, and we continue to adhere to that ruling, so appellants' claim must fail. It is true that there are persuasive equitable considerations in favor of allowing such a claim, but our ruling in Ashland was required by the terms of our workmen's compensation statute, and the remedy will have to come from legislative action. See 2 Larson, The Law of Workmen's Compensation, sec. 76.53, p. 250.87.

The judgment is affirmed.

All concur.